IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CRIMINAL ACTION NO. |
| : | 1:14-CR-186-RWS-JFK |
| STEVEN E. SLAWSON, : | |
| : | |
| Defendant. : | |

## ORDER

This case comes before the Court on Defendant's Motion Concerning Offense Instructions for the Jury in Light of the Court's Pre-Trial Conference Rulings [76], Defendant's Motion to Compel the Government to Make a Pretrial Showing of Relevance of Certain Testimony [78], and the Government's Motion in Limine to Admit Business Records Pursuant to Fed. R. Evid. 104(a) and 803(6) [79]. After a review of the record, the Court enters the following Order.

First, the Court declines to reconsider its earlier ruling (July 27, 2015 Order, Dkt. [77]) regarding jury instructions under the Title 18 fraud statutes. The Court has given the parties broad parameters of guidance and, as stated in

AO 72A
(Rev.8/82)

its earlier order, will refine the language of the jury instruction at a charge conference after presentation of the evidence at trial. Accordingly, Defendant's Motion Concerning Offense Instructions [76] is **DENIED**.

The Court reserves ruling on the remaining motions, but **DIRECTS** the parties to comply with the following procedures with the aim of resolving these outstanding issues prior to trial:

With regards to Defendant's Motion to Compel the Government to Make a Pretrial Showing of Relevance of Certain Testimony [78], the Court recognizes the hardship that the Government's late disclosure of a witness places on Defendant. If the Government intends to call Mr. Kirby Behre, it should provide the requested information to Defendant. In the alternative, if the Government calls Mr. Behre at trial without providing sufficient notice, the Court is prepared to continue the trial at that time to allow Defendant to adequately prepare for his defense.

With regards to the Government's Motion in Limine [79], the Court is sympathetic to the cost and difficulty of producing authentication witnesses caused by Defendant's late withdrawal of his earlier stipulations. Defendant shall file a document with the Court stating his *legitimate* objections to the

*authenticity* of the records at issue. Absent such objections, the Court is prepared to require Defendant to stipulate to the authenticity of the documents, given the prejudice otherwise inflicted on the Government.

The Court encourages both parties to continue to work together towards resolution of these issues, as well as any other issues that may emerge before trial. Trial will go forward on Monday, August 3, 2015 and the Court will take up any remaining substantive issues at that time.

**SO ORDERED** this ___30th___ day of July, 2015.

RICHARD W. STORY
UNITED STATES DISTRICT JUDGE