IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>STEVEN E. SLAWSON,<br><br>Defendant. | CRIMINAL ACTION<br><br>No. 1:14-CR-186-RWS-JFK |

## **DEFENDANT'S PROPOSED JURY INSTRUCTIONS**[1]

NOW THAT THE EVIDENCE IN THIS CASE HAS BEEN PRESENTED AND THE ATTORNEYS FOR THE GOVERNMENT AND THE DEFENDANTS HAVE CONCLUDED THEIR CLOSING ARGUMENTS, IT IS MY RESPONSIBILITY TO INSTRUCT YOU AS TO THE LAW THAT GOVERNS THIS CASE. MY INSTRUCTIONS WILL BE IN THREE PARTS:

- *FIRST:* I WILL INSTRUCT YOU REGARDING THE GENERAL RULES THAT DEFINE AND GOVERN THE DUTIES OF A JURY IN A CRIMINAL CASE;
- *SECOND:* I WILL INSTRUCT YOU AS TO THE LEGAL ELEMENTS OF THE CRIMES CHARGED IN THE INDICTMENT - THAT IS, THE SPECIFIC ELEMENTS THAT THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT TO WARRANT A FINDING OF GUILT ON THOSE CRIMES; AND

---

[1] *See generally* 3 HON. LEONARD B. SAND ET AL., MODERN FEDERAL JURY INSTRUCTIONS ch. 57 ("Securities Fraud") (2014); 1A KEVIN F. O'MALLEY ET AL., FED. JURY PRAC. & INSTR. §§ 17:07, 47:13–14 (6th ed. 2014); ELEVENTH CIR. PATTERN JURY INSTR. (2010). There are no model jury instructions specific to § 1348 available.

- *THIRD:* I WILL GIVE YOU SOME GENERAL RULES REGARDING YOUR DELIBERATIONS.

## PART ONE – THE JURY

THE DUTIES OF THE JURY

TO BEGIN WITH - IT IS YOUR DUTY TO FIND THE FACTS FROM ALL
THE EVIDENCE IN THIS CASE. YOU ARE THE SOLE JUDGES OF THE
FACTS AND IT IS, THEREFORE, FOR YOU AND YOU ALONE TO PASS
UPON THE WEIGHT OF THE EVIDENCE, AND TO DRAW SUCH
INFERENCES AS YOU DEEM TO BE REASONABLE AND WARRANTED
FROM THE EVIDENCE OR LACK OF EVIDENCE IN THIS CASE.
WITH RESPECT TO ANY QUESTION CONCERNING THE FACTS, IT IS
YOUR RECOLLECTION OF THE EVIDENCE THAT CONTROLS. TO THE
FACTS AS YOU FIND THEM, YOU MUST APPLY THE LAW IN
ACCORDANCE WITH MY INSTRUCTIONS. WHILE THE LAWYERS MAY
HAVE COMMENTED ON SOME OF THESE LEGAL RULES, YOU MUST BE
GUIDED ONLY BY WHAT I INSTRUCT YOU ABOUT THEM.

PARTIES ARE EQUAL BEFORE THE COURT

THE FACT THAT THIS PROSECUTION IS BROUGHT IN THE NAME OF
THE UNITED STATES GOVERNMENT DOES NOT ENTITLE THE UNITED
STATES TO ANY GREATER CONSIDERATION THAN THE DEFENDANTS
ARE ENTITLED TO. BY THE SAME TOKEN, IT IS ENTITLED TO NO LESS
CONSIDERATION. THE PARTIES THE UNITED STATES GOVERNMENT
AND THE DEFENDANTS - ARE EQUAL BEFORE THIS COURT, AND THEY
ARE ENTITLED TO EQUAL CONSIDERATION. NEITHER THE
GOVERNMENT NOR THE DEFENDANTS ARE ENTITLED TO ANY
SYMPATHY OR FAVOR.

PRESUMPTION OF INNOCENCE

THE INDICTMENT WHICH WAS FILED AGAINST THE DEFENDANTS IS
THE MEANS BY WHICH THE GOVERNMENT GIVES THEM NOTICE OF
THE CHARGES AGAINST THEM AND BRINGS THEM BEFORE THE
COURT. IT IS NOTHING MORE. THE INDICTMENT IS AN ACCUSATION,
AND NOTHING MORE. THE INDICTMENT IS NOT EVIDENCE AND YOU
ARE TO GIVE IT NO WEIGHT IN ARRIVING AT YOUR VERDICT.

THE DEFENDANT, IN RESPONSE TO THE INDICTMENT, PLEADED "NOT
GUILTY." HE IS PRESUMED TO BE INNOCENT UNLESS AND UNTIL HIS
GUILT HAS BEEN PROVED BEYOND A REASONABLE DOUBT, AND

THAT PRESUMPTION ALONE, UNLESS OVERCOME, IS SUFFICIENT TO
ACQUIT HIM. THE DEFENDANT IS ON TRIAL FOR THE CRIMES
CHARGED IN THE INDICTMENT AND NOT FOR ANYTHING ELSE.

PROOF BEYOND A REASONABLE DOUBT
THE GOVERNMENT MUST PROVE EACH ELEMENT OF THE CRIMES
WITH WHICH EACH DEFENDANT IS CHARGED BEYOND A
REASONABLE DOUBT. NOW I SHALL ADDRESS THE PHRASE
"REASONABLE DOUBT."

A REASONABLE DOUBT IS A DOUBT BASED ON REASON AND
COMMON SENSE. THIS MEANS THAT IF, AFTER YOU HAVE
CONSIDERED ALL THE EVIDENCE IN THIS CASE, YOU HAVE A DOUBT
ABOUT A DEFENDANT'S GUILT THAT APPEALS TO YOUR OWN
EXPERIENCE, JUDGMENT, AND COMMON SENSE, YOU MUST FIND HIM
NOT GUILTY OF THE CRIME WITH WHICH HE IS CHARGED.
A REASONABLE DOUBT, HOWEVER, IS NOT A DOUBT THAT ARISES
OUT OF WHIM OR SPECULATION. NOR IS A REASONABLE DOUBT AN
EXCUSE TO AVOID PERFORMING AN UNPLEASANT DUTY OR A
DOUBT PROMPTED BY SYMPATHY.  IF, AFTER A FAIR AND IMPARTIAL
CONSIDERATION OF ALL THE EVIDENCE, YOU CAN HONESTLY SAY
THAT YOU HAVE SUCH A DOUBT AS WOULD CAUSE PRUDENT
PERSONS TO HESITATE TO ACT IN MATTERS OF IMPORTANCE IN
THEIR LIVES, THEN YOU HAVE A REASONABLE DOUBT AND, IN THAT
EVENT, IT IS YOUR DUTY TO ACQUIT THE DEFENDANT.  IF, ON THE
OTHER HAND, AFTER A FAIR AND IMPARTIAL CONSIDERATION OF
ALL THE EVIDENCE, YOU CAN HONESTLY SAY THAT YOU HAVE
SUCH AN ABIDING BELIEF IN THE DEFENDANT'S GUILT THAT YOU
WOULD BE WILLING TO ACT UPON A SIMILARLY STRONG
CONVICTION IN IMPORTANT MATTERS IN YOUR OWN LIVES, THEN
YOU HAVE NO REASONABLE DOUBT AND, IN THAT CIRCUMSTANCE,
YOU SHOULD CONVICT THE DEFENDANT.

THE EVIDENCE
A. I WILL INSTRUCT YOU NOW AS TO WHAT IS EVIDENCE AND HOW
YOU SHOULD CONSIDER IT.  THE EVIDENCE UPON WHICH YOU ARE
TO DECIDE WHAT THE FACTS ARE COMES IN SEVERAL FORMS:

(1) SWORN TESTIMONY OF WITNESSES, BOTH ON DIRECT AND CROSS-EXAMINATION.
(2) EXHIBITS THAT HAVE BEEN RECEIVED IN EVIDENCE; AND
(3) FACTS TO WHICH ALL THE LAWYERS HAVE AGREED OR STIPULATED. YOU ARE TO REGARD THE FACTS TO WHICH THE PARTIES STIPULATED AS PROVED AND THE STIPULATIONS THEMSELVES AS EVIDENCE.

B. CERTAIN THINGS ARE NOT EVIDENCE AND ARE TO BE DISREGARDED BY YOU IN DECIDING WHAT THE FACTS ARE:
(1) ARGUMENTS OR STATEMENTS BY LAWYERS ARE NOT EVIDENCE.
(2) QUESTIONS PUT TO THE WITNESSES ARE NOT EVIDENCE.
(3) OBJECTIONS TO THE QUESTIONS OR TO OFFERED EXHIBITS ARE NOT EVIDENCE.  IN THIS REGARD, ATTORNEYS HAVE A DUTY TO THEIR CLIENTS TO OBJECT WHEN THEY BELIEVE EVIDENCE SHOULD NOT BE RECEIVED. YOU SHOULD NOT BE INFLUENCED BY THE OBJECTION OR BY THE COURT'S RULING ON IT.  IF THE OBJECTION WAS SUSTAINED, IGNORE THE QUESTION.  IF THE OBJECTION WAS OVERRULED, TREAT THE ANSWER LIKE ANY OTHER ANSWER.
(4) WHAT I SAY IN THESE INSTRUCTIONS IS NOT EVIDENCE.
IF EVIDENCE HAS BEEN RECEIVED FOR A LIMITED PURPOSE, YOU MUST CONSIDER THAT EVIDENCE FOR THAT LIMITED PURPOSE ONLY.
(5) OBVIOUSLY, ANYTHING YOU MAY HAVE SEEN OR HEARD OUTSIDE THE COURTROOM IS NOT EVIDENCE. YOUR VERDICT MUST BE BASED SOLELY UPON THE EVIDENCE DEVELOPED AT TRIAL OR THE LACK OF EVIDENCE.

IN REACHING YOUR DECISION AS TO WHETHER THE GOVERNMENT SUSTAINED ITS BURDEN OF PROOF, IT WOULD BE IMPROPER FOR YOU TO CONSIDER ANY PERSONAL FEELINGS YOU MAY HAVE ABOUT A DEFENDANT'S RACE, RELIGION, GENDER, NATIONAL ORIGIN, ETHNIC BACKGROUND OR AGE. ALL PERSONS ARE ENTITLED TO THE PRESUMPTION OF INNOCENCE AND THE GOVERNMENT HAS THE SAME BURDEN OF PROOF REGARDLESS OF WHO THE DEFENDANT IS.  IN ADDITION, IT WOULD BE EQUALLY IMPROPER FOR YOU TO ALLOW ANY FEELINGS YOU MIGHT HAVE ABOUT THE NATURE OF THE CRIMES CHARGED TO INTERFERE WITH YOUR DECISION-MAKING PROCESS.  TO REPEAT, YOUR VERDICT MUST BE

BASED EXCLUSIVELY UPON THE EVIDENCE OR THE LACK OF
EVIDENCE IN THE CASE.

C. DIRECT AND CIRCUMSTANTIAL EVIDENCE
I TOLD YOU THAT EVIDENCE COMES IN VARIOUS FORMS SUCH AS
THE SWORN TESTIMONY OF WITNESSES, EXHIBITS AND
STIPULATIONS.  THERE ARE, IN ADDITION, DIFFERENT KINDS OF
EVIDENCE - DIRECT AND CIRCUMSTANTIAL.
(1) DIRECT EVIDENCE IS THE COMMUNICATION OF A FACT BY A
WITNESS WHO TESTIFIES TO THE KNOWLEDGE OF THAT FACT AS
HAVING BEEN OBTAINED THROUGH ONE OF THE FIVE SENSES. SO,
FOR EXAMPLE, A WITNESS WHO TESTIFIES TO KNOWLEDGE OF A
FACT BECAUSE HE SAW IT, HEARD IT, SMELLED IT, TASTED IT, OR
TOUCHED IT IS GIVING EVIDENCE WHICH IS DIRECT. WHAT REMAINS
IS YOUR RESPONSIBILITY TO PASS UPON THE CREDIBILITY OF THAT
WITNESS.
(2) CIRCUMSTANTIAL EVIDENCE IS EVIDENCE WHICH TENDS TO
PROVE A FACT IN ISSUE BY PROOF OF OTHER FACTS FROM WHICH
THE FACT IN ISSUE MAY BE INFERRED.

THE WORD "INFER," OR THE EXPRESSION "TO DRAW AN INFERENCE"
MEANS TO FIND THAT A FACT EXISTS FROM PROOF OF ANOTHER
FACT.  FOR EXAMPLE, IF A FACT IN ISSUE IS WHETHER IT IS RAINING
AT THE MOMENT, NEITHER OF US CAN TESTIFY DIRECTLY TO THAT
FACT SITTING AS WE ARE IN THIS RELATIVELY WINDOWLESS
COURTROOM. ASSUME, HOWEVER, THAT AS WE ARE SITTING HERE, A
PERSON WALKS INTO THE COURTROOM SEEN WEARING A RAINCOAT
THAT IS DRIPPING WET AND CARRYING AN UMBRELLA DRIPPING
WATER.  WE MAY INFER THAT IT IS RAINING OUTSIDE. IN OTHER
WORDS, THE FACT OF RAIN IS AN INFERENCE THAT COULD BE
DRAWN FROM THE WET RAINCOAT AND THE DRIPPING UMBRELLA.
AN INFERENCE IS TO BE DRAWN ONLY IF IT IS LOGICAL AND
REASONABLE TO DO SO.  IN DECIDING WHETHER TO DRAW AN
INFERENCE, YOU MUST LOOK AT AND CONSIDER ALL THE FACTS IN
THE LIGHT OF REASON, COMMON SENSE, AND EXPERIENCE.
WHETHER A GIVEN INFERENCE IS OR IS NOT TO BE DRAWN IS
ENTIRELY A MATTER FOR YOU, THE JURY, TO DECIDE. PLEASE BEAR

IN MIND, HOWEVER, THAT AN INFERENCE IS NOT TO BE DRAWN BY
GUESSWORK OR SPECULATION.

I REMIND YOU ONCE AGAIN THAT YOU MAY NOT CONVICT A
DEFENDANT UNLESS YOU ARE SATISFIED OF HIS GUILT BEYOND A
REASONABLE DOUBT, WHETHER BASED ON DIRECT EVIDENCE,
CIRCUMSTANTIAL EVIDENCE, OR THE LOGICAL INFERENCES TO BE
DRAWN FROM SUCH EVIDENCE.  CIRCUMSTANTIAL EVIDENCE DOES
NOT NECESSARILY PROVE LESS THAN DIRECT EVIDENCE, NOR DOES
IT NECESSARILY PROVE MORE.  YOU ARE TO CONSIDER ALL THE
EVIDENCE IN THE CASE, DIRECT AND CIRCUMSTANTIAL, IN
DETERMINING WHAT THE FACTS ARE AND IN ARRIVING AT YOUR
VERDICT.

DECIDING WHAT TO BELIEVE
IN DECIDING WHAT THE FACTS ARE, YOU MUST DECIDE WHICH
TESTIMONY TO BELIEVE AND WHICH TESTIMONY NOT TO BELIEVE.
IN MAKING THAT DECISION, THERE ARE A NUMBER OF FACTORS YOU
MAY TAKE INTO ACCOUNT, SUCH AS THE FOLLOWING:
A. DID THE WITNESS IMPRESS YOU AS HONEST?
B. DID THE WITNESS HAVE ANY PARTICULAR REASON NOT TO TELL
THE TRUTH?
C. WAS THE WITNESS CANDID AND FORTHRIGHT, OR WAS HE
EVASIVE?
D. DID THE WITNESS HAVE A PERSONAL INTEREST IN THE OUTCOME
OF THE CASE?
E. DID THE WITNESS SEEM TO HAVE A GOOD MEMORY?
F. DID THE WITNESS HAVE THE OPPORTUNITY AND ABILITY TO HEAR
AND OBSERVE ACCURATELY THE THINGS HE OR SHE TESTIFIED
ABOUT?
G. DID THE WITNESS APPEAR TO UNDERSTAND THE QUESTIONS
CLEARLY AND ANSWER THEM DIRECTLY?
H. WAS THE WITNESS INFLUENCED BY ANY BIAS, OR PREJUDICE, OR
HOSTILITY THAT CAUSED HIM - WHETHER CONSCIOUSLY OR NOT -
TO TESTIFY TO SOMETHING LESS THAN A COMPLETELY ACCURATE
ACCOUNT OF THE FACTS?
I. DID THE TESTIMONY OF ONE WITNESS DIFFER FROM THE
TESTIMONY OF OTHER WITNESSES?

J. DID THE WITNESS HAVE SOME INCENTIVE, LOYALTY OR MOTIVE THAT MIGHT CAUSE HIM TO SHADE THE TRUTH?
K. IF A WITNESS IS SHOWN KNOWINGLY TO HAVE LIED ABOUT ANY MATERIAL MATTER, YOU HAVE A RIGHT TO CONCLUDE THAT THE WITNESS ALSO LIED ABOUT OTHER MATTERS. YOU MAY EITHER DISREGARD ALL OF THAT WITNESS' TESTIMONY, OR YOU MAY ACCEPT WHATEVER PART OF IT YOU THINK DESERVES TO BE BELIEVED.

PEOPLE SOMETIMES FORGET THINGS. A CONTRADICTION MAY BE AN INNOCENT LAPSE OF MEMORY OR IT MAY BE AN INTENTIONAL FALSEHOOD. CONSIDER, THEREFORE, WHETHER IT HAS TO DO WITH AN IMPORTANT FACT, OR ONLY A SMALL DETAIL.  DIFFERENT PEOPLE OBSERVING AN EVENT MAY REMEMBER IT DIFFERENTLY AND THEREFORE TESTIFY ABOUT IT DIFFERENTLY.  YOU MAY CONSIDER THE FACTORS I HAVE JUST DISCUSSED WITH YOU IN DECIDING HOW MUCH WEIGHT TO GIVE TO TESTIMONY. BEAR IN MIND THAT THE WEIGHT OF THE EVIDENCE DOES NOT TURN UPON THE NUMBER OF WITNESSES WHO TESTIFIED FOR ONE SIDE OR THE OTHER.  IT IS THE QUALITY OF THE EVIDENCE, NOT THE QUANTITY THAT COUNTS. AND BEAR IN MIND THAT A DEFENDANT IS NOT OBLIGATED TO PRESENT ANY EVIDENCE AT ALL.

COOPERATING WITNESSES/ACCOMPLICE TESTIMONY
YOU HAVE HEARD TESTIMONY OF COOPERATING AND ACCOMPLICE WITNESSES. AN ACCOMPLICE WITNESS IS ONE WHO WAS HIMSELF A PARTICIPANT IN ONE OR MORE OF THE CRIMES CHARGED, AND HAS BEEN PROMISED THAT IN EXCHANGE FOR THEIR AGREEMENT TO PLEAD GUILTY TO SPECIFIC CRIMES AND TO TESTIFY TRUTHFULLY, FULLY AND COMPLETELY, THEY WILL NOT BE PROSECUTED FURTHER FOR ANY CRIMES WHICH THEY MAY HAVE ADMITTED HERE IN COURT OR IN INTERVIEWS WITH THE PROSECUTORS. THE GOVERNMENT ALSO PROMISED TO BRING THEIR COOPERATION TO THE ATTENTION OF THE JUDGE WHO WILL SENTENCE THEM, IT BEING UNDERSTOOD THAT THE SENTENCE ULTIMATELY IMPOSED RESTS EXCLUSIVELY WITH THAT JUDGE.  THE GOVERNMENT IS PERMITTED TO MAKE SUCH PROMISES AND IS ENTITLED TO CALL AS WITNESSES PEOPLE TO WHOM THESE PROMISES ARE MADE.

THE GOVERNMENT ARGUES, AS IT MAY PROPERLY DO, THAT IT
MUST TAKE WITNESSES AS IT FINDS THEM AND THAT ONLY PERSONS
WHO THEMSELVES TAKE PART IN CRIMINAL ACTIVITY HAVE THE
KNOWLEDGE AND INFORMATION TO TESTIFY ABOUT THE CRIMINAL
BEHAVIOR OF OTHERS. IT IS FOR THOSE REASONS THAT THE LAW
ALLOWS THE USE OF THEIR TESTIMONY. INDEED, IT IS THE LAW IN
FEDERAL COURTS AND I INSTRUCT YOU, THAT THE TESTIMONY OF
SUCH A WITNESS MAY BE ENOUGH IN AND OF ITSELF TO CONVICT A
DEFENDANT IF THE JURY FINDS THAT THE TESTIMONY OF THAT
WITNESS ESTABLISHES THE GUILT OF A DEFENDANT BEYOND A
REASONABLE DOUBT. THE FACT THAT A PERSON HAS VIOLATED
THE LAW FOR PERSONAL GAIN DOES NOT DISQUALIFY HIM AS A
WITNESS OR PROVE THAT HE IS INCAPABLE OF TELLING THE TRUTH.
THAT FACT MAY LEAD YOU TO DECIDE, HOWEVER, THAT HIS
TESTIMONY SHOULD BE VIEWED WITH CAUTION. THE TESTIMONY OF
AN ACCOMPLICE AND OF A COOPERATING WITNESS WHO HAS BEEN
PROMISED THAT HE WILL NOT BE FURTHER PROSECUTED SHOULD
BE SCRUTINIZED BY YOU WITH GREATER CARE THAN THE
TESTIMONY OF OTHER WITNESSES. SUCH WITNESSES HAVE AN
INTEREST IN THE OUTCOME OF THE CASE DIFFERENT FROM AN
ORDINARY WITNESS. A WITNESS WHO REALIZES HE MAY BE ABLE
TO RECEIVE A LIGHTER SENTENCE BY GIVING TESTIMONY
FAVORABLE TO THE PROSECUTION MAY HAVE A MOTIVE TO
TESTIFY FALSELY. THEREFORE, YOU MUST EXAMINE ACCOMPLICE
TESTIMONY AND THE TESTIMONY OF WITNESSES WHO HAVE
ENTERED INTO COOPERATION AGREEMENTS WITH THE
GOVERNMENT WITH CAUTION AND WEIGH SUCH TESTIMONY WITH
GREAT CARE. IF AFTER EXAMINING SUCH TESTIMONY YOU DECIDE
TO ACCEPT IT, YOU MAY GIVE IT WHATEVER WEIGHT, IF ANY, YOU
FIND IT DESERVES.

LET ME SAY A FEW THINGS ABOUT SUCH WITNESSES THAT YOU MAY
WANT TO CONSIDER DURING YOUR DELIBERATIONS IN ADDITION TO
THE THINGS I HAVE ALREADY SUGGESTED. YOU SHOULD ASK
YOURSELF AS REGARDS THE TESTIMONY OF SUCH WITNESSES
WHETHER THEY WOULD BENEFIT MORE BY LYING OR WOULD THEY
BENEFIT MORE BY TELLING THE TRUTH? WAS THEIR CREDIBILITY

COLORED IN ANY WAY BECAUSE THEY BELIEVED OR HOPED THAT
THEY WOULD SOMEHOW RECEIVE FAVORABLE TREATMENT BY
TESTIFYING FALSELY - OR DID THEY BELIEVE THAT THEIR
INTERESTS WOULD BEST BE SERVED BY TESTIFYING TRUTHFULLY?

YOU HAVE HEARD TESTIMONY FROM WITNESSES WHO PLED GUILTY
TO CHARGES ARISING OUT OF THE SAME FACTS OF THIS CASE. YOU
MUST DRAW NO INFERENCE ABOUT THE GUILT OF A DEFENDANT IN
THIS CASE BECAUSE A WITNESS PLED GUILTY TO SIMILAR CHARGES.
THAT WITNESS' DECISION TO PLEAD GUILTY WAS A DECISION
PERSONAL TO HIM ABOUT HIS OWN GUILT.  IT MAY NOT BE
CONSIDERED BY YOU IN ANY WAY AS EVIDENCE AGAINST A
DEFENDANT ON TRIAL HERE.  YOU HAVE HEARD THE TESTIMONY OF
A WITNESS WHO WAS PREVIOUSLY CONVICTED OF A CRIME
PUNISHABLE BY MORE THAN ONE YEAR IN JAIL. YOU MAY CONSIDER
THAT FACT IN EVALUATING THE CREDIBILITY OF THAT WITNESS.

DURING THE COURSE OF THE TRIAL YOU HEARD THE NAMES OF
OTHER PERSONS WHO MAY HAVE BEEN PRESENT DURING EVENTS
CONCERNING THIS CASE.  I CHARGE YOU THAT ALL PERSONS WHO
MAY HAVE BEEN PRESENT AT ANY TIME OR PLACE MENTIONED IN
THE CASE OR WHO MAY APPEAR TO HAVE SOME KNOWLEDGE OF
THE ISSUES IN THIS CASE, NEED NOT BE CALLED AS A WITNESS, NOR
DOES THE LAW REQUIRE THAT ALL THINGS MENTIONED DURING
THE COURSE OF THE TRIAL BE PRODUCED AS EXHIBITS.

DURING THE COURSE OF SUMMATIONS, YOU HAVE HEARD
REFERENCES TO PERSONS WHO WERE NOT CALLED AS WITNESSES
BY THE GOVERNMENT.  IN THIS REGARD, I INSTRUCT YOU THAT IF
YOU FIND THAT A WITNESS WAS EQUALLY AVAILABLE TO A
DEFENDANT AS HE WAS TO THE GOVERNMENT, YOU MAY INFER
THAT THE TESTIMONY OF THE UNCALLED WITNESS MIGHT HAVE
BEEN UNFAVORABLE TO THE DEFENDANT OR TO THE GOVERNMENT
OR BOTH.  ALTERNATIVELY, IF THE WITNESS WAS UNAVAILABLE TO
BOTH THE GOVERNMENT AND THE DEFENDANT, YOU MAY SIMPLY
DISREGARD THAT PERSON'S POSSIBLE TESTIMONY AS A FACTOR IN
THIS CASE. YOU SHOULD, HOWEVER, REMEMBER THAT THERE IS NO

DUTY ON EITHER SIDE TO CALL A WITNESS WHOSE TESTIMONY
WOULD MERELY REPEAT OR DUPLICATE OTHER EVIDENCE.
AGAIN, YOUR DECISION TO DRAW OR NOR TO DRAW ANY INFERENCE
SHOULD BE BASED ON ALL OF THE FACTS AND CIRCUMSTANCES IN
THE CASE.

## PART TWO – THE CHARGED CRIMES[2]

I WILL NOW TURN TO THE SECOND PART OF THIS CHARGE - AND I WILL, AS I INDICATED AT THE OUTSET, INSTRUCT YOU AS TO THE LEGAL ELEMENTS OF THE CRIMES CHARGED IN THE INDICTMENT - EACH OF WHICH THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT TO WARRANT A FINDING OF GUILT.  I INSTRUCT YOU THAT YOU ARE TO CONSIDER EACH COUNT OF THE INDICTMENT SEPARATELY.  SO, FOR EXAMPLE, YOU MAY FIND THE DEFENDANT GUILTY OF ONE COUNT AND NOT OF ANOTHER, OR YOU MAY FIND HIM NOT GUILTY OF ALL COUNTS IN WHICH HE IS CHARGED OR GUILTY OF ANY.

In COUNT ONE, the Indictment charges the defendant, Mr. Slawson, with conspiring to violate certain federal laws.  The essence of the crime of conspiracy is an agreement or understanding between two or more persons that they will commit an unlawful act.

In order to find Mr. Slawson guilty of conspiracy, the government must establish, beyond a reasonable doubt, the following three elements as to that charge:

- *First*, the existence of the specific conspiracy charged in the indictment, that is, that two or more persons entered into the unlawful agreement charged in the indictment;

---

[2] The Defendant recognizes the Court ruled against the Defendant with respect to Defendant's position on the applicability of traditional insider trading principles under Rule 10b-5 and Defendant's position that Section 1348 requires the Government show that the Defendant participated knowingly in a scheme to embezzle material, nonpublic information from Carter's.  *See* Docket No. 24 (Motion to Dismiss for Failure to Allege a Crime); *see also* Docket No. 53 (Motion for Reconsideration of his Motion to Dismiss the Indictment); Docket No. 70 (Response to Government's Motion for Pretrial Ruling on Applicable Offense Instruction); Docket No. 76 (Motion Concerning Offense Instructions for the Jury in Light of the Court's Pre-Trial Conference Rulings).  The Defendant is proposing these instructions in light of the Court's rulings.  Nonetheless, the Defendant is reiterating his position on this issue to preserve his position for the record.

- *Second,* that the defendant you are considering became a member of that conspiracy knowingly and willfully, that is, with the specific intent to further its illegal purpose, and

I will explain each of these two elements in more detail.

The *first* element of conspiracy that the government must prove beyond a reasonable doubt is the existence of the conspiracy charged. If the conspiracy did not exist, then the defendant cannot be guilty of conspiracy. No one can conspire just with himself. To find that the conspiracy that you are considering existed, you must find that two or more persons conspired together.   As I have already said, a conspiracy is a combination or agreement of two or more persons to accomplish, by concerted action, an unlawful purpose. It is a kind of partnership in crime. The gist of the crime is the combination or agreement to violate the law. Whether or not the conspirators accomplished their objectives is immaterial to the question of whether the government has proven beyond a reasonable doubt that the conspiracy charged in the indictment existed.

The evidence in the case need not show that the members entered into any express or formal agreement by words spoken or in writing, or that they directly stated between themselves what their objective or purpose was to be. What the evidence in the case must show beyond a reasonable doubt, in order to establish proof that a conspiracy existed, is that the members in some way or manner, or through some contrivance, positively came to a mutual understanding what the unlawful act was and how it was to be accomplished.  Further, the government must prove beyond a reasonable doubt the existence of the particular conspiracy that is charged in Count One. To find the existence of the conspiracy charged in the indictment you must find that there was a conspiracy which had as its objective the violation of one or more of the federal laws, which I will explain to you shortly.

If, on consideration of all the evidence, you find beyond a reasonable doubt that at least two persons agreed together to undertake a particular unlawful objective alleged in Count One of the indictment, then proof of the element of the existence of the conspiracy is complete.  You must then consider whether the government has proven the other elements of the offense of conspiracy beyond a reasonable doubt.

The *second* element of conspiracy that the government must prove beyond a reasonable doubt is that the defendant became a member of or participated in the conspiracy willfully and with knowledge and in furtherance of its unlawful purpose. The terms "unlawfully" and "knowingly" and "willfully" mean that you must be satisfied beyond a reasonable doubt that in joining the conspiracy, Mr. Slawson knew what he was doing; that he took the actions in question deliberately and voluntarily.  "Unlawfully" means simply contrary to the law. The word knowingly suggests careful thinking and deliberation, not something one says or does by accident or by rote. It is something one thinks about and plans. A person acts knowingly if he acts intentionally and voluntarily, and not because of ignorance, mistake, accident or carelessness. "Willfully" means to act knowingly and purposefully, with knowledge of what the law requires and with the specific intent to violate the law.

In determining whether the government has proven the second element beyond a reasonable doubt, there are several things you must keep in mind.  First, one cannot become a conspirator by mistake.  A person cannot be guilty of conspiracy merely because he associates with people whom he knows are members of a conspiracy and fails to report their unlawful activities to the authorities. In this regard, you may not find the defendant is a member of a conspiracy merely because of friendship or family relationship or association.  The fact that the defendant may know members of a conspiracy; be associated in business or socially with them; or be related or share some degree of intimacy with a member or members of a conspiracy, even coupled with the knowledge that a conspiracy exists, does not, without more, make the defendant a member.  Obviously, the defendant may share many legitimate and lawful common aims and interests with others.  Mere association or friendship of the defendant with others who may be guilty of crimes, does not establish the defendant's participation in a conspiracy.  Guilt by association is a concept repugnant to our society.  Mere knowledge of the conspiracy or even acquiescence or approval do not establish membership in the conspiracy.  Mere similarity of conduct together with the fact that individuals have assembled together and discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy.

Similarly, the fact that the acts of a defendant, without knowledge, merely happened to further the purposes or objectives of a charged conspiracy does not make the defendant a member of it. More is required. What is necessary is that a defendant must have entered into the conspiracy with knowledge of the unlawful

purpose charged in the indictment and with the intention of aiding in the accomplishment of that unlawful objective.  I repeat: one can be guilty of conspiracy only by knowingly and willfully agreeing with at least one other person to join in the particular conspiracy charged in the indictment and to further its unlawful objective or objectives. The defendant must know of the conspiracy and participate in it as something that he wishes to further.  He must in some sense promote the venture, make it his own, and wish to bring about or seek by his actions to make it succeed.  If there was no agreement that the defendant would participate in the conspiracy, then the fact that the defendant committed an act is not sufficient to make the defendant a co-conspirator even though that act may have helped the purposes of the conspiracy.

In COUNTS TWO through TWENTY-SIX of the Indictment, the government has charged the defendant, Mr. Slawson, with committing Securities Fraud, which is one of the objects of the conspiracy alleged in COUNT ONE.  You will be called upon to render a separate verdict on each of these counts.

The statute that COUNTS TWO through TWENTY-SIX charge Mr. Slawson with violating is 18 U.S.C. § 1348.  That statute makes it a crime to "knowingly execute, or attempt to execute, a scheme or artifice:"

> (1) to defraud any person in connection with any commodity for future delivery, or any option on a commodity for future delivery, or any security of an issuer with a class of securities registered under section 12 of the Securities Exchange Act of 1934 (15 U.S.C. 78*l*) or that is required to file reports under section 15(d) of the Securities Exchange Act of 1934 (15 U.S.C. 78*o*(d));
> or
> (2) to obtain, by means of false or fraudulent pretenses, representations, or promises, any money or property in connection with the purchase or sale of any commodity for future delivery, or any option on a commodity for future delivery, or any security of an issuer with a class of securities registered under section 12 of the Securities Exchange Act of 1934 (15 U.S.C. 78*l*) or that is required to file reports under section 15(d) of the Securities Exchange Act of 1934 (15 U.S.C. 78*o*(d)).

In order to find Mr. Slawson guilty of securities fraud, the government must establish, beyond a reasonable doubt, the following three elements as to that charge:

- *First*, that there existed a scheme or artifice to defraud or to obtain money or property by means of false or fraudulent pretenses, representations, or promises,
- *Second*, that the defendant knowingly and intentionally participated in the scheme or artifice, with knowledge of its fraudulent nature and with specific intent to defraud; and
- *Third*, that the scheme or artifice was executed "in connection with" the securities of a company that had filed a registration statement with the United States Securities and Exchange Commission ("S.E.C.")

I will explain each of these three elements in more detail.

The *first* element of securities fraud that the government must prove beyond a reasonable doubt is the existence of a scheme or artifice—either to defraud, or to obtain money or property by means of false or fraudulent pretenses, representations, or promises.  Let me define some of these phrases for you.

The phrases "scheme or artifice to defraud" and "scheme or artifice for obtaining money or property" mean any deliberate plan of action or course of conduct by which someone intends to deceive or to cheat another or by which someone intends to deprive another of something of value.

The phrase "false or fraudulent pretenses, representations, or promises" means a statement or an assertion which concerns a material or important fact or a material or important aspect of the matter in question and that was either known to be untrue at the time that it was made or used, or that was made or used with reckless indifference as to whether it was, in fact, true or false, and made or used with the intent to defraud.  A material fact is a fact that would be of importance to a reasonable person in making a decision about a particular matter or transaction.  The phrase includes actual, direct false statements as well as half-truths, and includes the knowing concealment of facts that are material or important to the matter in question and that were made or used with the intent to defraud.

It is not necessary for the government to prove that the defendant was actually successful in defrauding anyone or in obtaining money or property.  It is not necessary for the government to prove that anyone lost any money or property as a result of the scheme or artifice.  An unsuccessful scheme or artifice is as illegal as a scheme or artifice that is ultimately successful.

The scheme or artifice that the government alleges in this case is known as insider trading.[3]  An insider is one who comes into possession of material, confidential,

---

[3] *See United States v. Edwards*, 526 F.3d 747, 761 (11th Cir. 2008) (affirming wire fraud conviction where trial court defined "Ponzi scheme" as part of jury

non-public information about a stock by virtue of a relationship which involves trust and confidence.  The law forbids him from buying or selling the securities in question.

Persons who are corporate officers, directors, and controlling shareholders of a company are generally considered "insiders."  In addition, a person is forbidden to buy or sell securities of a company if the government establishes that he had assumed a special confidential relationship affording him access to material confidential information intended to be available only for a corporate purpose and not for his personal benefit.  Thus, it is the confidential nature of the relationship which determines whether a person is an insider, and not merely the title he holds.

In considering this element, you must also determine whether the confidential information in question is material.  Inside information is material if a reasonable investor would have considered it important in deciding whether to buy or sell stock of the company to which the information relates.

Thus, for the government to establish that a person was forbidden from trading the securities in question, it must show that the person was expected to keep the material information confidential, or at least that the relationship implied such a duty.  In this regard, you are instructed that a mere working relationship is not sufficient to satisfy this element by imposing insider status on the defendant.  In order for a person to be an insider, the nature of the relationship must be one of trust and confidence.

The mere possession of non-public or "inside" information does not impose any duty on a person, such as the defendant, to disclose before trading or refrain from trading.  You must find that there existed some special relationship, as I have just explained, that created such a duty.  It is the breach of that duty that provides the basis for the government's charge that there existed an "insider trading" scheme or artifice.

The defendant in this case is charged with receiving inside information and using it for his own benefit, even though he himself did not personally owe any duty of

instructions); *see also Chiarella v. United States*, 445 U.S. 222 (1980) (setting forth "classic" theory of insider trading).

trust or confidence which prevented him from buying and selling the securities in question.  The basis for this allegation is that the defendant was a "tippee," or recipient, of inside information and that the law forbids him from trading the securities because he stood in the same shoes as the insiders who owed a duty of trust and confidence to the company.

In order to find that the defendant, Mr. Slawson, was forbidden to buy or sell the securities in question because he was a tippee, you must find that he knowingly participated in such a breach of trust and confidence by another person to whom non-public and confidential information had been entrusted.  Here, the government must establish that the insiders who were the source of the information that Mr. Slawson ultimately received violated a trust relationship by making such disclosures, and that Mr. Slawson knew that they had violated a trust relationship.

In addition, the government must establish that the insiders personally benefitted in some way, directly or indirectly, from this disclosure.  The government can establish that the insiders personally benefitted from their disclosure by showing that they received some tangible benefit.  You are permitted to base your finding of a benefit to the insiders on all the objective facts and inferences presented in this case.

In sum, for Mr. Slawson to be guilty of insider trading, the government must prove each of the following elements beyond a reasonable doubt: that (1) a corporate insider was entrusted with a fiduciary duty; (2) a corporate insider breached his fiduciary duty by (a) disclosing confidential information (b) in exchange for a personal benefit; (3) Mr. Slawson tippee knew of the insiders' breach, that is, he knew the information was confidential and divulged by the insider in exchange for a personal benefit; and (4) Mr. Slawson still used that information to trade in a security or tip another individual for his own personal benefit.[4]   Note that whether

---

[4] *See Disrks v. SEC*, 463 U.S. 646 (1983); *Chiarella v. United States*, 445 U.S. 222 (1980) (Powell, J.); *United States v. Newman*, 773 F.3d 438 (2d Cir. 2014), *reh'g denied* (2d Cir. Apr. 3, 2015).  The Defendant recognizes the Court ruled against the Defendant  with respect to Defendant's position on the applicability of traditional insider trading principles under Rule 10b-5 and Defendant's position that Section 1348 requires the Government show that the Defendant participated knowingly in a scheme to embezzle material, nonpublic information from Carter's. *See* Docket No. 24 (Motion to Dismiss for Failure to Allege a Crime); *see also*

Mr. Slawson, or the people who allegedly received the information from the insiders and passed it to Mr. Slawson, themselves owed a duty of trust and confidence to the company is not relevant.

The *second* element of securities fraud that the government must prove beyond a reasonable doubt is that the defendant participated in the scheme or artifice knowingly, willfully and with intent to defraud.

To act "knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.  The knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind.  In determining the issue of what a person knew at a particular time, you may consider any statements made or acts done or omitted by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge.

"Willfully" means to act knowingly and purposely, with an intent to do something the law forbids, that is to say, with bad purpose either to disobey or to disregard the law.  "Intent to defraud" in the context of the securities laws means to act knowingly and with the intent to deceive.

Since an essential element of the crime charged is intent to defraud, it follows that good faith on the part of a defendant is a complete defense to a charge of securities fraud. A defendant, however, has no burden to establish a defense of good faith. The burden is on the government to prove fraudulent intent and consequent lack of good faith beyond a reasonable doubt.   Even false representations or statements or omissions of material facts do not amount to a fraud unless done with fraudulent intent.  However misleading or deceptive a plan may be, it is not fraudulent if it was devised or carried out in good faith.  An honest belief in the truth of the representations made by a defendant is a good defense, however inaccurate the

---

Docket No. 53 (Motion for Reconsideration of his Motion to Dismiss the Indictment); Docket No. 70 (Response to Government's Motion for Pretrial Ruling on Applicable Offense Instruction); Docket No. 76 (Motion Concerning Offense Instructions for the Jury in Light of the Court's Pre-Trial Conference Rulings). The Defendant respectfully proposes these instructions to preserve his position for the record.

statements may turn out to be.  In considering whether or not a defendant acted in good faith, you are instructed that a belief by the defendant, if such belief existed, that his actions were lawful and in accordance with his employer's policies would amount to "good faith" as I have defined it here.

As a practical matter, then, in order to sustain the charges against the defendant, the government must establish beyond a reasonable doubt that he knew that his conduct as a participant in the scheme was calculated to deceive or violate his or another's fiduciary duties to his employer, and nonetheless, he associated himself with the alleged fraudulent scheme.

The government may prove that the defendant acted knowingly and willfully in either of two ways. First, it is sufficient if the evidence satisfies you beyond a reasonable doubt that the defendant was actually aware he was making or causing a false statement to be made, or violating his fiduciary duty to his employer, or causing another to violate his duty to his employer.

Alternatively, the defendant's knowledge may be established by proof that the defendant was aware of a high probability that the statement was false, or that he or another was violating his fiduciary duty to his employer, unless, despite this high probability, the facts show that the defendant actually believed the statement to be true, or actually believed that he was acting in accordance with his employer's policies.

This guilty knowledge, however, cannot be established by demonstrating mere negligence, or foolishness on the part of the defendant.  To conclude on this element, if you find that the defendant was not a knowing participant in the scheme charged in the indictment, it is your duty to acquit. [5]

The *third* element of securities fraud that the government must prove beyond a reasonable doubt is that there be a connection or nexus between the scheme or artifice and a security.  That is, the government must prove that the defendant, using a scheme or artifice, did so in connection with a security.

---

[5] *See United States v. Edwards*, 526 F.3d 747, 761 (11th Cir. 2008) (affirming jury instruction in which trial court emphasized *mens rea* requirement).

In COUNTS TWENTY-SEVEN through THIRTY-SIX of the Indictment, the government has charged the defendant, Mr. Slawson, with committing Wire Fraud, which is also one of the objects of the conspiracy alleged in COUNT ONE.  You will again be called upon to render a separate verdict on each of these counts.

The statute that COUNTS TWENTY-SEVEN through THIRTY-SIX charge Mr. Slawson with violating is 18 U.S.C. § 1343.  That statute makes it a crime to use interstate wire, radio, or television communications to carry out a scheme to defraud someone else.

In order to find Mr. Slawson guilty of wire fraud, the government must establish, beyond a reasonable doubt, the following four elements as to that charge:

- *First*, that the Defendant knowingly devised or participated in a scheme to defraud, or to obtain money or property by using false pretenses, representations, or promises;
- *Second*, that the false pretenses, representations, or promises were about a material fact;
- *Third*, that the Defendant acted with the intent to defraud; and
- *Fourth*, that the Defendant transmitted or caused to be transmitted by wire some communication in interstate commerce to help carry out the scheme to defraud.

As I previously explained you, the term "scheme to defraud" includes any plan or course of action intended to deceive or cheat someone out of money or property by using false or fraudulent pretenses, representations, or promises.  A statement or representation is "false" or "fraudulent" if it is about a material fact that the speaker knows is untrue or makes with reckless indifference to the truth, and makes with the intent to defraud. A statement or representation may be "false" or "fraudulent" when it is a half truth, or effectively conceals a material fact, and is made with the intent to defraud.  A "material fact" is an important fact that a reasonable person would use to decide whether to do or not do something. A fact is "material" if it has the capacity or natural tendency to influence a person's decision.  The "intent to defraud" is the specific intent to deceive or cheat

someone, usually for personal financial gain or to cause financial loss to someone else.

To "use" interstate wire communications is to act so that something would normally be sent through wire communications in the normal course of business. Each separate use of the interstate wire communications as part of the scheme to defraud is a separate crime.

## PART THREE – CLOSING INSTRUCTIONS

LET ME SAY A FEW WORDS ABOUT YOUR DELIBERATIONS.  KEEP IN
MIND THAT NOTHING I HAVE SAID IN THESE INSTRUCTIONS IS
INTENDED TO SUGGEST TO YOU IN ANY WAY WHAT I THINK YOUR
VERDICT SHOULD BE. THAT IS ENTIRELY FOR YOU TO DECIDE.  BY
WAY OF REMINDER, I CHARGE YOU ONCE AGAIN THAT IT IS YOUR
RESPONSIBILITY TO JUDGE THE FACTS IN THIS CASE FROM THE
EVIDENCE PRESENTED DURING THE TRIAL AND TO APPLY THE LAW
AS I HAVE GIVEN IT TO YOU TO THE FACTS AS YOU FIND THEM FROM
THE EVIDENCE. WHEN YOU RETIRE, IT IS YOUR DUTY TO DISCUSS
THE CASE FOR THE PURPOSE OF REACHING A VERDICT.  EACH OF
YOU MUST DECIDE THE CASE FOR YOURSELF, BUT SHOULD ONLY DO
SO AFTER CONSIDERING ALL THE EVIDENCE, LISTENING TO THE
VIEWS OF YOUR FELLOW JURORS, AND DISCUSSING IT FULLY.

IT IS IMPORTANT THAT YOU REACH A VERDICT IF YOU CAN DO SO
CONSCIENTIOUSLY.  YOU SHOULD NOT HESITATE TO RECONSIDER
YOUR OPINIONS FROM TIME TO TIME AND TO CHANGE THEM IF YOU
ARE CONVINCED THAT THEY ARE WRONG.  HOWEVER, DO NOT
SURRENDER AN HONEST CONVICTION AS TO WEIGHT AND EFFECT OF
THE EVIDENCE SIMPLY TO ARRIVE AT A VERDICT.  REMEMBER ALSO
THAT YOUR VERDICT MUST BE BASED SOLELY ON THE EVIDENCE IN
THE CASE AND THE LAW AS THE COURT HAS GIVEN IT TO YOU, NOT
ON ANYTHING ELSE.  OPENING STATEMENTS, CLOSING ARGUMENTS,
OR OTHER STATEMENTS OR ARGUMENTS OF COUNSEL ARE NOT
EVIDENCE.  IF YOUR RECOLLECTION OF THE FACTS DIFFERS FROM
THE WAY COUNSEL HAS STATED THE FACTS TO BE, THEN YOUR
RECOLLECTION CONTROLS.

AND, FINALLY, BEAR IN MIND THAT THE GOVERNMENT HAS THE
BURDEN OF PROOF AND THAT YOU MUST BE CONVINCED OF THE
DEFENDANT'S GUILT BEYOND A REASONABLE DOUBT TO RETURN A
GUILTY VERDICT.  IF YOU FIND THAT THIS BURDEN HAS NOT BEEN
MET, YOU MUST RETURN A VERDICT OF NOT GUILTY.

YOU CANNOT ALLOW A CONSIDERATION OF THE PUNISHMENT
WHICH MAY BE IMPOSED UPON THE DEFENDANT, IF CONVICTED, TO
INFLUENCE YOUR VERDICT IN ANY WAY OR TO ENTER INTO YOUR
DELIBERATIONS.  THE DUTY OF IMPOSING SENTENCE RESTS
EXCLUSIVELY WITH ME.  YOUR DUTY IS TO WEIGH THE EVIDENCE IN
THE CASE AND TO DETERMINE GUILT OR INNOCENCE SOLELY UPON
SUCH EVIDENCE AND UPON THE LAW WITHOUT BEING INFLUENCED
BY ANY ASSUMPTIONS, CONJECTURES, SYMPATHY, OR INFERENCE
NOT WARRANTED BY THE FACTS.

IT IS VERY IMPORTANT THAT YOU NOT COMMUNICATE WITH
ANYONE OUTSIDE THE JURY ROOM ABOUT YOUR DELIBERATIONS
OR ABOUT ANYTHING TOUCHING THIS CASE.  THERE IS ONLY ONE
EXCEPTION TO THIS RULE. IF IT BECOMES NECESSARY DURING YOUR
DELIBERATIONS TO COMMUNICATE WITH ME, YOU MAY SEND A
NOTE, THROUGH THE MARSHAL, SIGNED BY YOUR FOREPERSON OR
BY ONE OR MORE MEMBERS OF THE JURY.  NO MEMBER OF THE JURY
SHOULD EVER ATTEMPT TO COMMUNICATE WITH ME EXCEPT BY A
SIGNED WRITING, AND I WILL NEVER COMMUNICATE WITH ANY
MEMBER OF THE JURY ON ANY SUBJECT TOUCHING THE MERITS OF
THE CASE OTHER THAN IN WRITING, OR ORALLY HERE IN OPEN
COURT.  IF YOU SEND ANY NOTES TO THE COURT, DO NOT DISCLOSE
ANYTHING ABOUT YOUR DELIBERATIONS.  SPECIFICALLY, DO NOT
DISCLOSE TO ANYONE - NOT EVEN TO ME - HOW THE JURY STANDS,
NUMERICALLY OR OTHERWISE, ON THE QUESTION OF THE GUILT OR
INNOCENCE OF THE DEFENDANT, UNTIL AFTER YOU HAVE REACHED
A UNANIMOUS VERDICT OR HAVE BEEN DISCHARGED.

WHEN YOU HAVE REACHED A DECISION, HAVE THE FOREPERSON
SIGN THE VERDICT FORM AND PUT THE DATE ON IT - AND NOTIFY
THE MARSHAL BY NOTE THAT YOU HAVE REACHED A VERDICT.

YOUR OATH SUMS UP YOUR DUTY - AND THAT IS - WITHOUT FEAR
OR FAVOR TO ANY PERSON, YOU WILL WELL AND TRULY TRY THE
ISSUES IN TH IS CASE ACCORDING TO THE EVIDENCE GIVEN TO YOU
IN COURT AND THE LAWS OF THE UNITED STATES.

Dated:     August 2, 2015         Respectfully submitted,

McDERMOTT WILL & EMERY LLP

By:  /s/ Todd Harrison
        Todd Harrison (*pro hac vice*)
        340 Madison Avenue
        New York, New York 10173
        Tel:  (212) 547-5727
        Fax:  (212) 547-5444
        TDHarrison@mwe.com

ROGERS & HARDIN LLP

By:  /s/ Stephen D. Councill
        Stephen D. Councill
        Georgia Bar No. 190358
        2700 International Tower
        229 Peachtree Street NE
        Atlanta, Georgia 30303
        Tel:  (404) 522-4700
        Fax:  (404) 525-2224
        scouncill@rh-law.com

*Attorneys for Defendant*
*Steven E. Slawson*

# **LOCAL RULE 7.1D CERTIFICATION**

The undersigned hereby certifies that the foregoing has been formatted in Times New Roman font, 14-point type, which complies with the font and size requirements of Local Rule 5.1B.

Dated:  August 2, 2015

/s/ Todd Harrison
Todd Harrison (*pro hac vice*)

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that I have electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will automatically send e-mail notification of such filing to the attorneys of record.

Dated:  August 2, 2015

/s/ Todd Harrison
Todd Harrison (*pro hac vice*)