## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

UNITED STATES OF AMERICA    :
:
:
:
    v.    :    CRIMINAL ACTION NO.
:    1:14-CR-186-RWS
STEVEN E. SLAWSON,    :
:
:
    Defendant.    :
:

## JURY INSTRUCTIONS

**MEMBERS OF THE JURY:**

It is now my duty to instruct you on the rules of law that you must use in deciding this case. After I have completed these instructions, you will go to the jury room and begin your deliberations.  I will provide a copy of these instructions for each of you to use during your deliberations.

You must decide whether the government has proved the specific facts necessary to find the Defendant guilty beyond a reasonable doubt.

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against the

1

Defendant or the Government.

You must follow the law as I explain it to you—even if you do not agree with that law—and you must follow all of my instructions as a whole. You must not single out or disregard any of my instructions on the law.

## I. BURDEN OF PROOF

The Indictment or formal charge against the Defendant is not evidence of guilt. The law presumes every defendant is innocent. The Defendant does not have to prove his innocence or to produce any evidence at all. The Government must prove guilt beyond a reasonable doubt. If it fails to do so you must find the Defendant not guilty.

The Government's burden of proof is heavy, but it does not have to prove the Defendant's guilt beyond all possible doubt. The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

Proof beyond a reasonable doubt is proof so convincing that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

2

## II. EVIDENCE

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts. Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

## III. WITNESSES

When I say you must consider all the evidence, I don't mean that you must

3

accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact.  And ask whether there was evidence that

4

at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

A defendant has a right not to testify. But since the Defendant did testify, you should decide whether you believe the Defendant's testimony in the same way as that of any other witness.

That a particular witness may be a law enforcement officer does not mean that his testimony is deserving of any special consideration or any greater weight by reason of that fact. It is legitimate for counsel to attack or question the credibility of such a government employee on the ground that his testimony may be colored by personal or professional interest in the outcome of this case.

To decide whether you believe a witness, you may consider the fact that the witness has been convicted of a felony or a crime involving dishonesty or a false statement.

You must consider some witnesses' testimony with more caution than others. For example, a witness who has been promised immunity from prosecution may have a reason to make a false statement in order to maintain his bargain with the Government.

Also, the government has entered into plea agreements with witnesses which require them to testify truthfully. Such "plea bargaining," as it's called, provides for the possibility of a lesser sentence than the witnesses would normally face. Plea bargaining is lawful and proper, and the rules of this court expressly provide for it. But a witness who hopes to gain more favorable treatment may have a reason to make a false statement in order to strike a good bargain with the Government.

So, while witnesses of these kinds may be entirely truthful when testifying, you should consider their testimony with more caution than the testimony of other witnesses. Also, the fact that a witness has pleaded guilty to an offense is not evidence of the guilt of any other person. You may consider the witness's guilty plea only to assess the witness's credibility and not to create any inference of guilt against the Defendant.

## IV. JUROR NOTES

You've been permitted to take notes during the trial. Most of you–perhaps

all of you–have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations. You must not give your notes priority over your independent recollection of the evidence. And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

## V. INDICTMENT

The indictment originally charged 36 separate crimes, called counts. Counts Eleven and Fourteen are no longer before you for consideration. Each count has a number. You'll be given a copy of the indictment to refer to during your deliberations.

Count One charges that the Defendant knowingly and willfully conspired to commit securities and wire fraud.

Counts Two through Ten, Twelve, Thirteen, and Fifteen through Thirty-Six each charge that the Defendant committed what are called "substantive offenses," specifically securities and wire fraud. I will explain the law governing those substantive counts in a moment. But first, note that the Defendant is not charged in Count One with committing a substantive offense, rather he is charged with

7

conspiring to commit those offenses. I will now give you specific instructions on conspiracy.

## A.    CONSPIRACY

It's a separate Federal crime for anyone to knowingly and willfully conspire or agree with someone else to do something that would be another federal crime if it was actually carried out, such as securities and wire fraud.

A "conspiracy" is an agreement by two or more persons to commit an unlawful act. In other words, it is a kind of "partnership" for criminal purposes. Every member of a conspiracy becomes the agent or partner of every other member.

The Government does not have to prove that all the people named in the indictment were members of the plan, or that those who were members made any kind of formal agreement. The heart of a conspiracy is the making of the unlawful plan itself, so the Government does not have to prove that the conspirators succeeded in carrying out the plan. However, in order to convict the Defendant of conspiracy, you must find that the plan to which the Defendant agreed, if carried out, would have constituted the crime of securities and/or wire fraud, as I will define them shortly.

The Defendant can be found guilty of conspiracy only if all the following

8

facts are proved beyond a reasonable doubt:

(1) two or more people in some way agreed to try to accomplish a shared and unlawful plan to commit securities and/or wire fraud as charged in the indictment; and

(2) the Defendant knew the unlawful purpose of the plan and willfully joined in it.

A person may be a conspirator even without knowing all the details of the unlawful plan or the names and identities of all the other alleged conspirators.

If the Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan–and knowingly and willfully joined in the plan on at least one occasion–that's sufficient for you to find the Defendant guilty.

Mere association or friendship of the Defendant with others who may be guilty of crimes does not establish the Defendant's participation in a conspiracy. The fact that the Defendant may know members of a conspiracy or be associated in business or socially with them, even coupled with knowledge that a conspiracy exists, does not, without more, make the Defendant a member of the conspiracy. Likewise, a person who doesn't know about a conspiracy but happens to act in a way that advances some purpose of one doesn't automatically become a

9

conspirator.

In this case, regarding the alleged conspiracy, the indictment charges that the Defendant conspired to commit securities fraud and to commit wire fraud. In other words, the Defendant is charged with conspiring to commit two separate substantive crimes.

The Government does not have to prove that the Defendant conspired to commit both crimes. It is sufficient if the Government proves beyond a reasonable doubt that the Defendant knowingly and willfully conspired to commit one of those crimes. But to return a verdict of guilty, you must all agree on which of the crimes the Defendant conspired to commit.

## B.    SECURITIES FRAUD

Securities fraud is charged as an object of the conspiracy in Count One and as a substantive offense in Counts Two through Ten, Twelve, Thirteen, and Fifteen through Twenty-Six. The crime of securities fraud can be shown in either of the following two ways:

(1) Title 18, United States Code, Section 1348(1) makes it a federal crime to knowingly execute a scheme or artifice to defraud any person in connection with any security of an issuer of a class of securities registered under the Securities Exchange Act of 1934 or of an issuer that is required to file reports under that Act;

10

and

(2) Title 18, United States Code, Section 1348(2) makes it a federal crime to knowingly execute a scheme or artifice to obtain by means of false or fraudulent pretenses, representations, or promises, any money or property in connection with the purchase or sale of any security of an issuer of a class of securities registered under the Securities Exchange Act of 1934 or of an issuer that is required to file reports under that Act.

Each of the two alternative ways of committing securities fraud is explained in more detail below.

### 1.    Section 1348(1)

The Defendant can be found guilty of securities fraud in violation of Title 18, United States Code, Section 1348(1) only if all of the following facts are proven beyond a reasonable doubt:

First:  the Defendant executed a scheme or artifice to defraud a person in connection with Carter's securities;

Second:  the Defendant acted knowingly and willfully and with an intent to defraud; and

Third:  Carter's was an issuer that registered its securities under section 12 of the Securities Exchange Act of 1934 or was otherwise required to file reports under

11

section 15(d) of the Securities Exchange Act of 1934.

## 2.    Section 1348(2)

The Defendant can be found guilty of securities fraud in violation of Title 18, United States Code, Section 1348(2) only if all of the following facts are proven beyond a reasonable doubt:

First:  the Defendant executed a scheme or artifice to obtain money or property by means of false or fraudulent pretenses, representations or promises;

Second:  the Defendant executed his scheme in connection with the purchase or sale of Carter's securities;

Third:  the Defendant acted knowingly and willfully and with an intent to defraud; and

Fourth:  Carter's was an issuer that registered its securities under section 12 of the Securities Exchange Act of 1934 or was otherwise required to file reports under section 15(d) of the Securities Exchange Act of 1934.

The term "person" includes a corporation.

In this case, the "scheme to defraud" or "scheme or artifice to obtain money or property" the Defendant is alleged to have executed is the embezzlement of Carter's confidential information. In order for the government to prove the first element of Section 1348(1) or the first element of Section 1348(2) in this case, you

12

must find beyond a reasonable doubt that the Defendant knew that he was obtaining material nonpublic information from one or more Carter's employees who were embezzling the information from Carter's for their own use, such as by sharing it with others so that they could trade on the basis of the information, and that the Defendant in some way knowingly and intentionally aided, counseled, commanded, induced, or procured that embezzlement. To "embezzle" means to wrongfully take someone's property and spend it, transfer it, convert it to personal use, or convert it to someone else's use.

Confidential business information acquired or compiled by a corporation in the course and conduct of its business can be considered "property" within the meaning of these charges. Confidential business information can include information that has commercial value, information that could give the company's competitors a commercial advantage, information that, if disclosed, would harm the company's reputation, and information that could be used by others for profit. For example, you may find that material nonpublic information is "property" for purposes of these charges.

"Material nonpublic information" is information that a reasonable investor would consider important in deciding whether to buy or sell Carter's stock. Information is "nonpublic" if it is not generally available to the public through

13

sources such as a company's SEC filings, press releases, trade publications, or other publicly available sources. The law considers information nonpublic until the information is effectively disseminated in a manner sufficient to ensure its availability to the investing public. On the other hand, the confirmation by an insider of unconfirmed facts or rumors–even if reported in a newspaper–may itself be material nonpublic information. A tip from a corporate insider that is more reliable or specific than public rumors is nonpublic information despite the existence of such rumors in the media or investment community.  Whether or not the confirmation of a rumor by an insider qualifies as material nonpublic information is an issue of fact for you to decide.

When a defendant's knowledge of a fact is an essential part of a crime, as it is here, it is enough that the defendant was aware of a high probability that the fact existed–unless the defendant actually believed that fact did not exist. So, if you find beyond a reasonable doubt that the Defendant was aware of a high probability he was receiving material nonpublic information, and that he deliberately tried to avoid learning that it was material nonpublic information in order to say, if charged, that he did not know he was receiving material nonpublic information, you may treat such deliberate avoidance of positive knowledge as the equivalent of knowledge. However, I must emphasize that the requisite proof of knowledge

14

on the part of the Defendant cannot be established by merely demonstrating that he was negligent, careless, or foolish.

A statement or representation is "false" or "fraudulent" if it is about a material fact, it is made with intent to defraud, and the speaker either knows it is untrue or makes it with reckless indifference to the truth. It may be false or fraudulent if it is made with the intent to defraud and is a half-truth or effectively conceals a material fact.

A "material fact" is an important fact that a reasonable person would use to decide whether to do or not do something. A fact is "material" if it has the capacity or natural tendency to influence a person's decision. It doesn't matter whether the decision-maker actually relied on the statement or knew or should have known that the statement was false.

To act with "intent to defraud" means to act knowingly and with the specific intent to deceive or cheat someone, usually for personal financial gain or to cause financial loss to someone else.

The term "in connection with the purchase or sale of any security" means that the alleged fraudulent conduct occurred in some phase of a transaction involving the purchase or sale of a security.

It is not necessary that the Government prove all of the details alleged in the indictment concerning the precise nature and purpose of the scheme or that the alleged scheme actually succeeded in defrauding anyone.

To find the Defendant guilty of committing or attempting to commit securities fraud, you need only find that the Government proved beyond a reasonable doubt each element of either Section 1348(1) or 1348(2). However, you must address each of the alternative sections separately and if you find the Defendant guilty under either of the sections, your decision must be unanimous.

## C.   WIRE FRAUD

Wire fraud is charged as an object of the conspiracy in Count One and as a substantive offense in Counts Twenty-Seven through Thirty-Six. It's a Federal crime to use interstate wire, radio, or television communications to carry out a scheme to defraud someone else.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1)   the Defendant knowingly devised or executed a scheme to defraud, or to obtain money or property by using false pretenses, representations, or promises;

16

(2)   the false pretenses, representations, or promises were about a material

fact;

(3)   the Defendant acted with the intent to defraud; and

(4)   the Defendant transmitted or caused to be transmitted by wire some

communication in interstate commerce to help carry out the scheme to

defraud.

As I instructed you earlier, a company's confidential business information can be considered "property" for purposes of these charges.

The terms "scheme to defraud," "false," "fraudulent," "material fact," and "intent to defraud" as used here have the same meanings as I gave you for those terms in connection with the securities fraud charges.

The Government does not have to prove all the details alleged in the indictment about the precise nature and purpose of the scheme. It also doesn't have to prove that the material transmitted by interstate wire was itself false or fraudulent; or that using the wire was intended as the specific or exclusive means of carrying out the alleged fraud; or that the Defendant personally made the transmission over the wire. And it doesn't have to prove that the alleged scheme actually succeeded in defrauding anyone. The Government does have to prove,

however, that each call underlying a wire fraud count in the indictment was in furtherance of the scheme to defraud.

To "use" interstate wire communications is to act so that something would normally be sent through wire communications in the normal course of business. Each separate use of the interstate wire communications as part of the scheme to defraud is a separate crime.

## D.   AIDING AND ABETTING

It's possible to prove a defendant guilty of a crime even without evidence that the Defendant personally performed every act charged.

Ordinarily, any act a person can do may be done by directing another person, or "Agent."  Or it may be done by acting with or under the direction of others.

A defendant "aids and abets" a person if the Defendant intentionally joins with the person to commit a crime.

A defendant is criminally responsible for the acts of another person if the Defendant aids and abets the other person. A defendant is also responsible if the Defendant willfully directs or authorizes the acts of an agent, employee, or other associate.

But finding that a defendant is criminally responsible for the acts of another person requires proof that the Defendant intentionally associated with or participated in the crime–not just proof that the Defendant was simply present at the scene of a crime or knew about it.

In other words, you must find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator.

## E.     GOOD FAITH DEFENSE

"Good faith" is a complete defense to a charge that requires intent to defraud. A defendant isn't required to prove good faith. The Government must prove intent to defraud beyond a reasonable doubt.

An honestly held opinion or an honestly formed belief cannot be fraudulent intent–even if the opinion or belief is mistaken. Similarly, evidence of a mistake in judgment, an error in management, or carelessness can't establish fraudulent intent.

## VI. ADDITIONAL DEFINITIONS

You'll see that the Indictment charges that a crime was committed "on or about" a certain date. The Government doesn't have to prove that the crime occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

The word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law.  While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that his conduct may be violating.

## VII. DELIBERATIONS

Each count of the Indictment charges a separate crime. You must consider each crime and the evidence relating to it separately. If you find the defendant guilty or not guilty of one crime, that must not affect your verdict for any other crime.

I caution you that the defendant is on trial only for the specific crimes charged in the Indictment. You're here to determine from the evidence in this case whether the defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether a defendant is guilty. If you find the defendant guilty, the punishment is for me alone to decide later.

20

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case.

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court. A form of verdict has been prepared for your convenience.

## VIII. VERDICT FORM

To assist you in returning your verdict, I have prepared a verdict form which I will review with you at this time.

There is a section in the verdict form for each count of the indictment, and each section bears a number that is the same as the number of the count in the indictment which it concerns. The first section, which relates to Count One charging conspiracy, states: "As to Count One, we, the jury, unanimously find the Defendant:" and then there are several choices by which you will state your verdict. If you find the Defendant not guilty of the charge, you will check the blank for not guilty. If you find the Defendant guilty of the charge, you must indicate whether you find him guilty of conspiracy to commit securities fraud, wire fraud, or both. Both securities fraud and wire fraud are listed, and if you find him guilty, you will check the blank for either or both of those options, depending upon your verdict.

The next sections of the verdict form are for the substantive counts of securities fraud. For each count, the form states: "As to [the count number is stated], we, the jury, unanimously find the Defendant:" and then there are several choices by which you will state your verdict. If you find the Defendant not guilty of the charge, you will check the blank for not guilty. If you find the Defendant guilty of the charge, you must indicate whether you find him guilty of securities fraud pursuant to Section 1348(1), Section 1348(2), or both. Both Sections

22

1348(1) and 1348(2) are listed, and if you find him guilty, you will check the blank for either or both of those options, depending upon your verdict.

The remaining sections of the verdict form are for the substantive counts of wire fraud. For each count, the form states: "As to [the count number is stated], we, the jury, unanimously find the Defendant:" and then there are two choices by which you will state your verdict. If you find the Defendant not guilty of the charge, you will check the blank for not guilty. If you find the Defendant guilty of the charge, you will check the blank for guilty.

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the Court Security Officer who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.